UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> H2K CONSTRUCTION, LLC, <br><br> Defendant. | Case No. 4:09cv1306MLM |

## **MEMORANDUM OPINION**

On June 24, 2010 this matter came before the court on plaintiffs' Motion for Default Judgment. [Doc. 9] This is an action to collect delinquent fringe benefit contributions on behalf of plaintiffs, the Greater St. Louis Construction Laborers Benefit Funds ("Laborers Funds") pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

Defendant was served with a Summons and Complaint on October 6, 2009, and has not entered an appearance or filed any other responsive pleading. On November 16, 2009 the Clerk entered the default of the defendant. (Doc. 7) This court granted plaintiffs' Motion for Default Order of Accounting on November 17, 2009. (Doc. 8) Defendant was served with notice of the Motion for Default Judgment and with notice of the 6/24/10 hearing.

## OPERATIVE FACTS

Defendant has been a party to collective bargaining agreements with Laborers Locals 42-53-110 since June 19, 2007. These agreements require defendant to submit monthly reports and remit contributions to the Laborers Funds. The collective bargaining agreements authorize the Laborers Funds to audit the payroll and related records of employers to determine whether the required contributions have been made. The collective bargaining agreements further require the payment of 20% liquidated damages on delinquent contributions, as well as interest, attorneys' fees, court costs and payroll examination costs. Reports and contributions not submitted to the Funds' office by the 15th of the month following the month reported or which should be reported are considered delinquent.

Plaintiffs' accountants conducted a payroll examination of defendant's records for the period of January 1, 2007 through November 30, 2009. The examination reflects that the defendant owes the following amounts for unreported hours:

|  | Pension Fund | Welfare Fund | Training Fund | SAF | Vacation Fund | TOTAL |
|---|---|---|---|---|---|---|
| Contributions | $3,882.38 | $5,273.03 | $493.80 | $146.24 | $946.00 | $10,741.45 |
| Liquidated Damages | $803.68 | $1,086.29 | $102.15 | $30.27 | $189.20 | $2,211.59 |
| Interest | $58.57 | $78.63 | $7.46 | $2.22 | $13.85 | $160.73 |
| **TOTAL** | **$4,744.63** | **$6,437.95** | **$603.41** | **$178.73** | **$1,149.05** | **$13,113.77** |

In addition to the amounts owed under the accounting, defendant has reported that it owes plaintiffs $4,527.90 for the months of December 2009 and January and February 2010. Because the reported contributions for those months have not been paid, defendant owes an additional $905.58 in liquidated damages. Therefore, defendant owes plaintiffs a total of $18,547.25 in delinquent

contributions, liquidated damages and interest. Defendant has not made payments to the Laborers Fun for any of these amounts.

The findings of plaintiffs' accountants are presumptively valid. See, e.g., Greater St. Louis Construction Laborers Welfare Fund, et al v. Don Richardson Concrete Company, 755 F.Supp. 1249, 1254 (E.D. Mo. 1991); Greater St. Louis Construction Laborers Fund, et al. v. Robert Eickmeier Masonry Contractors, Inc., et al., Case No. 86-1534 C(2) (Ed.D. Mo. July 15, 1991) ("The burden is on the employer to produce evidence countering the audit").

Plaintiffs will incur $906.00 in payroll examination fees, at least $1,683.50 in attorneys' fees and $400.00 in costs and fees pertaining to this matter.

## CONCLUSION

Pursuant to 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages, interest, attorneys' fees and costs. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch, 757 F.2d 184 (8th Cir. 1985); Landy Packing Co. v. Meatcutters, 471 F.Supp. 1218 (D. Minn. 1979), aff'd, 627 F.2d 881 (8th Cir. 1980); Operating Engineers Pension Fund v. Reed, 726 F.2d 513, 514 (9th Cir. 1984) (award of liquidated damages mandatory).

For the foregoing reasons, plaintiffs are entitled to judgment for the delinquent contributions, liquidated damages, interest, attorneys' fees, costs and accounting fees in the total amount of $21,536.75.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that a separate default judgment shall issue contemporaneously herewith.

HENRY E. AUTREY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2010.